Minshall, J.
 

 The facts disclose that the corporation was formed by the incorporation of the members comprising a partnership. The change was from a partnership to a corporation. The latter took all the property of the partnership. This was accomplished by the members of the firm on the formation of the corporation, transferring their respective interests in the partnership to it, and receiving a like interest in the capital stock of the company in consideration of the transfer. The members of the partnership may be said to have simply put on a new coat. The stock seems to have been divided into interests or shares of one-eighth. The members of the. partnership having seven-eighths and holding one-eighth in common; or which is more to the purpose, each one-eighth held by the former members of the firm, represented, in the capital of the company, one-eighth plus one fifty-sixth of the capital stock, since
 
 *244
 
 the capital was all owned by those who formed the partnership. On this state of case it is very clear that the corporation was liable for this debt, whether it had expressly assumed the indebtedness of the partnership or not. It is not to be regarded as an ordinary sale of property by one to another. A partnership is a
 
 quasi
 
 legal entity. It owns property and has liabilities as such. Its creditors have a right to the payment of their claims from the partnership assets in preference to individual creditors, and have in equity a lien on the assets of the firm, that may be worked out through the partners. So that, Avhen the partners transferred all the property of the firm to the company, the partnership was dissolved and the rights of its creditors followed the partners and the property into the corporation, and it was bound to discharge the debts of the partnership, having received the property of the partnership on which it had obtained credit. It could not retain the property and repudiate the liability.
 

 All that the corporation paid for the property transferred to it was the stock issued in exchange — simply a metamorphosis of a partnership into a corporation, without any change of individuals, and unless it assumed the payment of the debts of the firm, there Avas no consideration for the transfer of the property — for the stock AAdthout the property represented nothing and was worth nothing. That a corporation could be formed and, with its capital, purchase a partnership and its business without, being liable for its debts unless expressly assumed, is not doubted; but this is not such a case. This is like the case of
 
 Reed Brothers Company
 
 v.
 
 First National Bank,
 
 46 Nebr., 168, where a partnership, engaged in a general mercantile business, in straitened and failing circumstances, incorporated, and the assets and business of the partnership were transferred to the coi’poration and'appropriated to its object and purpose, the business of the partnership being continued by
 
 *245
 
 the corporation, it was held, that the corporation was presumptively liable for the partnership debts. See 2 Cook on Stockholders, Sec. 669, and note 3; Mor. Corp., Sections 791 and 812;
 
 Broughton
 
 v.
 
 Pensa
 
 cola, 93 U. S., 266-270; Beach on Priv. Corp., Sec. 360.
 

 There was in fact no purchase in this case; it, as shown, was simply a change from doing business in one capacity to that of another — the same persons changed from partners to corporators — and this distinction reconciles many cases on the subject, that might otherwise seem in conflict. Where there is á purchase in fact by a new company from an old one, there is, as before observed, no liability of the new for the debts of the old company, unless assumed as a part of the consideration. But where a mere transformation is had — parties remaining the same, and the property is transferred by the members of the old company transferring their interest in it, for an equal interest in it as property of the new, the transaction does not constitute a sale by the one and a purchase by the other; it is simply a change in the manner and form of carrying on the same business by the same persons; and, brushing aside the fiction of a legal entity, it is seen that no real change has taken ■place, and that in looking to the new formation for payment, the creditor looks to the same persons, possessed of the same property and rights, he contracted with in the first instance; and to construe the transaction as to creditors as a purchase, tends to operate a fraud on their rights. Every purchase implies two distinct persons ■— a buyer and seller. It is a moral impossibility for one person to buy of, or sell to, himself. Modern decisions, as observed by Mr. Taylor (Private Corporations, Sec. 51), are tending to a disregard of the mental conception, that a corporation is an entity separate from its corporators, as in many instance it is simply a “stumbling block” in the way of doing justice between real persons.
 

 
 *246
 
 But again, the facts found show that the assumption of the debts of the partnership, was a part of the understanding and agreement by which the company was formed: The finding is, that at the date of the
 
 “reorganization”
 
 the partnership eonveyed all its property, real and personal, to the corporation; and that it was formed for the purpose of
 
 continuing
 
 the business in which the partners had been engaged; and, “That the liabilities of the partnership were treated by the corporation as debts of the corporation, and in renewing the partnership liabilities the corporation treated them in the same way as liabilities of the corporation made after the incorporation; and that the transactions of Sutherland with the plaintiff in causing the notes to be renewed, were Avell knoAvn to all the stockholders of the corporation save M. L. Sternberger,” whose relation to the corporation will be hereafter noticed. These facts are only consistent with an express understanding that the debts of the partnership were to be assumed and paid by the company. It will help, in understanding the transaction, to note the fact, that the same persons avIio formed the partnership were the incorporators of the company — there were not two real parties in existence, dealing with each other. It was conducted by one set of persons, managing a business for their OAvn profit and convenience; and what more natural in such case, than in passing from a partnership to a corporation they should determine to carry with them their liabilities as well as their property. Nothing could be gained to them by not doing so, and it would be much to their convenience to do so. And, it seems, that this is not disputed as to their creditors in general, but certain facts are found which are supposed to vary this obligation as to the claim of the plaintiff. It is found that at the time of the “reorganization,” the firm owed some $20,000; and that a short time before, the members made an assessment on themselves of $1,000.00 to
 
 *247
 
 each one-eighth interest, amounting to $7,000.00, one-eighth not being assessed. The balance of the indebtedness to be ca-rried by the company. At the time of the assessment Bufus Peters, owner of a fourth interest, was assessed $2,000.00. Not being able to pay, he assumed the payment of the debt to the plaintiff, then $2,000.00. It is claimed that this amounted to a novation. But the plaintiff was not consulted, knew nothing of the arrangement, could not have assented, and did not; and therefore there was no novation as to him. His rights remained unaffected. Under this agreement payments were made, and renewals given from time to time, when the amount was reduced to the sum for which the note in suit was given, the renewals having been signed as the note in suit, except during the time Sternberger was a subscriber to stock. When these payments were made by the corporation it immediately charged them to Peters and took credit to itself on his account for salary. This was a very clear recognition by the corporation that it regarded the debt as its own, so far as the plaintiff was concerned. It made the payments and took credit to itself in its account with Peters. This was according to the agreement between it and Peters, but the plaintiff was no party to it and did not know of it. As between Peters and the corporation it was the debt of the former, but as between the plaintiff and the corporation, it was the debt of the latter.
 

 Again, the fact is found that one Sternberger after the company was formed, subscribed for an eighth interest in the capital stock of the company at $5,-000.00. This, we suppose, was the one-eighth the company owned and had not been disposed of. It amounted to no more than an effort to increase the stock to that extent — one-eighth was added in the way of what is commonly called water. This, however, amounted to nothing, as in about a year after-wards, he surrendered the stock. There is no finding
 
 *248
 
 that he ever paid for it — the finding is that he subscribed for it. We assume that if the evidence had warranted such a finding, it would have been made; the rule being that when a finding is requested it contains all the facts that the evidence warranted. It is also found that one Evans purchased of Peters a portion of his stock, agreeing to pay $500 for it; but the finding is that he had not paid for it at the time of the assignment. We do not see how any of these findings can in any -way affect the right of the plaintiff to be regarded as a creditor of the corporation. The fact remains that the persons who composed the partnership constituted the stockholders of the company from its organization to the assignment. But suppose it were true that Sternberger became and remained a stockholder of the company, and that Evans acquired and paid for a portion of the stock of Peters, how would this vary the rights of the plaintiff? His rights accrued when the partnership •became a corporation, and cannot be changed by subsequent changes in the stockholders. His rights avail against the company and not the stockholders. The latter may wholly change and the company remain the same as to rights and liabilities.
 

 But it is argued that the act of Long in signing the company’s name was
 
 ultra vires.
 
 The doctrine ' has no application to this case. We have shown that the debt was the debt of the company; it received all the property of the plaintiff and was morally and legally bound to pay it. Every corporation has power to make a note to secure the payment of its own debt.
 

 Judgment reversed.