# Art Society of Pittsburgh, Appellant, *v.* Leader Publishing Co.

*Corporations—Transfer of assets from one corporation to another —Debts of old company—Actions—Parties—Fraud.*

Where a new corporation has been formed, taking over the assets of an older corporation, and a creditor has a claim against the old company, the latter company and not the new company should be

sued for the claim, and the bona fides of the sale of the assets to the new company worked out through subsequent proceedings.

The mere fact that a corporation disposes of all of its assets to another corporation of similar name will not of itself raise a presumption of fraud. Especially is this true when it appears that the stockholders are not the same, and that all the debts of the old company have been paid, except one, which was not known to exist until two years after the new company had been in business, and that ample assets had come into the old corporation from the conveyance to the new, to meet this debt.

Argued April 27, 1915. Appeal, No. 175, April T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., First Term, 1908, No. 250, on verdict for defendant in case of Art Society of Pittsburgh v. Leader Publishing Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover a subscription to an orchestra fund.

At the trial it appeared that the subscription was made by a corporation entitled "The Leader Publishing Company." The subscription was dated April 19, 1904. On March 31, 1906, all of the assets of this company were transferred to a new corporation called "Leader Publishing Company." The old corporation was solvent, and sufficient assets came into the hands of its liquidating trustee to pay the amount of the subscription. The evidence did not disclose any fraud in the transfer of assets or in the naming of the new company. The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*R. T. M. McCready,* for appellant.—A corporation cannot defeat a valid claim by the simple expedient of dropping the article "The" from its name; an a bona fide

creditor will not be compelled to resort to equity when the law affords a simple remedy: Miller v. English, 21 N. J. L. 317; Harbison-Walker Refractories Co. v. McFarland, 156 Ky. 44; Montgomery-Web Co. v. Dienelt, 133 Pa. 585.

*John S. Weller,* for appellee.—Even if the transfer were fraudulent, and there remained other property out of which plaintiff could have recovered, it is in no position to attack the transfer: Fraud must be alleged and proved: Anderson v. War Eagle C. M. Co., 8 Idaho 789; Chase v. Mich. Tel. Co., 121 Mich. 631; Hawkins v. Central of Georgia, 46 S. E. 82; Austin v. Tecumseh Nat. Bank, 68 N. W. 628.

A corporation does not lose its entity by the ownership of the bulk or even the whole of its stock by another corporation: Monongahela Bridge Co. v. Pittsburgh, Etc., Traction Co., 196 Pa. 25.

OPINION BY KEPHART, J., July 21, 1915:
Where a new company has been formed, taking over the assets of an old company, and a creditor has a claim against the old company, that company should be sued for the claim, and the bona fides of the sale of the assets to the new company worked out through subsequent proceedings. A creditor cannot impeach a conveyance without showing that he has been injured. The mere fact that a corporation disposes of all its assets to another corporation of similar name will not of itself raise a presumption of fraud. Especially is this true when it appears that the stockholders are not the same, and all the debts of the old company had been paid, except the one sued on, and it was not known to exist until two years after the new company had been in business. The idea of fraud is further removed where ample assets came into the old corporation from this conveyance to meet this claim. When the similarity of names appears, particularly where the only distinguishing character-

istic is the article "the," courts will not be slow to seize upon slight evidence of unfair dealing to open up the question of good faith so that the validity of the conveyance as between creditor and purchaser may be determined. There is no allegation of fraud in the case at bar, nor evidence offered to establish fraud in any degree. It does not appear that the stockholders of the new company were stockholders of the old concern. We do not here have the difficulty confronting Mr. Justice MITCHELL, in Montgomery Web Co. v. Dienelt, et al., 133 Pa. 585: "Whether the stockholders are completely severed." If they were not, barring the question of procedure, a different question would arise.

The old company conditionally subscribed to an orchestra fund for the support of the Pittsburgh Symphony Orchestra. Some time later the stockholders transferred all their stock to one John P. Hunter as trustee. Hunter in turn sold the assets of the old company to the new company and received stock and bonds in payment therefor. He sold the stock shortly afterwards to one of the stockholders of the new company. There was then in his hands, or the hands of the old company, sufficient money from the sale of this stock, and with the bonds, to have liquidated this claim many times over. The mere fact that the officers and stockholders of the new company aided, by acting as officers of the old company, to legally make the transfer would not impeach this conveyance. To subject it to the implication of fraud or unfair dealing, it should appear that these officers and stockholders had such interest in the old company that a creditor could assert their identity, that the property was partly theirs under one name and still theirs under another, so that in fact the transaction was to a certain extent merely a change of name, and the new stockholders were not purchasers for value. The evidence entirely fails to present such case. It shows that the old company was entirely solvent. There were no contractual relations with the new company,

nor evidence of the assumption of the debt by the new company. So far as this record is concerned, the old stockholders received all the benefit from the sale and they are not now, nor were they at any time, members of the new company. The evidence presents a plain business transaction with no attempt to conceal any facts or to prevent or evade the payment of any lawful debt. The stockholders of the old company received the benefit of this contract in suit and if it was a matter of public benefit the old company, which received the bonds and money from the sale, should be held to answer for the debt. As we said before, we feel the appellant's remedy was against the old company. Its suit in the case at bar was against the new company.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.