# Delphia Knitting Mills Company, Inc., Appellant, v. Richards.

*Execution—Sheriff's interpleader—Fraud—Transfer of title to property of corporation—Retention of possession—Husband and wife.*

Where a person engaged in business and owning all the assets thereof, organizes a corporation, transfers the business and assets to it by a bill of sale, causes the stock of the company to be issued to his wife, and thereafter continues in absolute control of the business and the assets transferred, in name, to the corporation, the transaction involves a fraud upon his pre-existing creditors, and they may seize the goods on execution against him notwithstanding the transfer to the corporation.

Argued Oct. 14, 1916.　Appeal, No. 100, Oct. T., 1915, by plaintiff, from judgment of C. P. Philadelphia Co., Sept. T., 1912, No. 5419, on verdict for defendant in case of Delphia Knitting Mills Company, Inc., v. Howard S. Richards.　Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.　Affirmed.

Sheriff's interpleader to determine ownership of a stock of goods.  Before DAVIS, J.

At the trial it appeared that on November 12, 1912, Howard S. Richards, administrator of the estate of Edward W. Richards, deceased, brought suit for hardware sold and delivered in the lifetime of Edward W. Richards, to Ellsworth L. Ward and George J. Wolf trading as the Climax Machine Company.  Judgment was entered against defendants for want of an affidavit of defense and damages assessed at $427.96.  On February 18, 1913, execution was issued and the property levied upon claimed by the Delphia Knitting Mills Company. The sheriff's rule for interpleader was made absolute, 'and an issue framed in which the Delphia Knitting Mills Company was plaintiff and Howard S. Richards administrator defendant to determine the claim of title made by the Delphia Knitting Mills Company.

The evidence showed that in December, 1912, George J. Wolf organized a corporation under the laws of the State of Delaware entitled Delphia Knitting Mills Company, Inc.  He transferred to it by bill of sale the assets belonging to the partnership.  Ten shares of the new company were issued to the incorporators living in Delaware and thirty shares to Wolf's wife.  No other stock appears to have been issued.  Wolf under the title of manager remained in control of the business and possession of the assets.

Verdict and judgment for the defendant in the interpleader, with the value of the goods found to be $500.00. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff, and in overruling motion of plaintiff for judgment n. o. v.

*Bertram D. Rearick,* with him *Bernard A. Illoway,* for appellant.—The only ground upon which the verdict of the jury can be sustained is that the transfer to

the corporation was a collusive fraud between the debtor and the corporation claimant for the purpose of hindering or delaying creditors. It is not enough that the fraud should be on the part of the debtor who transfers his property, but the purchaser must be a party to that fraud. The sole test is the intention of the vendee to assist in the alleged fraud: Boyer v. Weimer, 204 Pa. 295; Littieri v. Freda, 241 Pa. 21; Jennings v. Smith, 22 Pa. C. C. R. 554.

The mere fact that a corporation was formed even though it had appeared that the execution debtors themselves formed the corporation is not proof of fraud: Lashner v. Medical Press Co., 3 Pa. Superior Ct. 571; Affirmed 203 Pa. 313.

*Charles J. Sharkey*, with him *E. Pierce Buckley*, for appellee.—The facts and the inference from the facts were for the jury and they clearly established that the arrangement was fraudulent in fact: Montgomery Web Co. v. Dienelt, 133 Pa. 585-594; Rice's App., 79 Pa. 168-204; Fidelity Trust Co. v. Madden, 190 Pa. 69-75; Com. v. Beard, 48 Pa. Superior Ct. 319-329; Com. v. Clay, 56 Pa. Superior Ct. 427-441; Stoy v. Dobson, 15 Pa. Superior Ct. 326; Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398; Penna. Knitting Mills Co. v. Manufacturing Co., 12 Pa. Superior Ct. 346; Mann v. Salsberg, 17 Pa. Superior Ct. 285.

OPINION BY KEPHART, J., December 20, 1915:

The assignments of error present but one important question. Was there sufficient evidence of fraud to warrant the trial judge in submitting to the jury the bona fides of the transfer of personal property to the appellant, as against the claim of the appellee, a creditor of Wolf, the transferor? Had a transfer been made by Wolf directly to his wife, there is no question but that it would have been inoperative as against the creditor. Wolf, however, transferred the property to a corporation or-

ganized in Delaware; through him the charter of incorporation was procured. The consideration for the transfer of the property to the corporation was the issuance of forty shares of its capital stock as follows: ten shares to the incorporators living in Delaware, and thirty shares to Wolf's wife. No other stock appears to have been issued. No money appears to have been paid on account of any stock sales. The company, while doing business in this State, does not appear to have been registered as required by law. No minutes are submitted evidencing a completed organization. It does appear that Wolf continued in absolute control of the business affairs of the company, bought and sold goods, employed and discharged the workmen from the date of the transfer of the property until the levy by the sheriff. He was the only one interested in the business. "When individuals or corporations transfer their property to a new corporation, substantially owned and controlled by the transferrers, the new corporation takes the property subject to the claims of the nonassenting creditors of the transferrers": Montgomery Web Co. v. H. Dienelt, et al., 133 Pa. 585; The Pennsylvania Knitting Mills of Reading v. Bibb Manufacturing Company, 12 Pa. Superior Ct. 346. It is not so much a question of notice of fraud being brought home to the new corporation, as it was that Wolf was in reality the corporation, owning under another name, practically all its stock, and the property. That the stock stood in his wife's name would not alter the case. The property conveyed by Wolf constituted the bulk of the corporation's assets, for which the stock was issued to the wife. This only served to more specifically charge the appellant with notice of the character of the transfer, and as to creditors this transaction would have the same effect as though the property had been transferred to the wife directly. The corporation would of necessity be affected with notice of what Wolf did, if that were necessary. The cloak of legality cannot be placed on the transaction because an

agreement of sale evidenced the transfer of the property. The court will examine the real facts on which the agreement is based. If it is founded on fraud, the paper will not long remain as a barrier to prevent a creditor from obtaining his rights, of which he is unjustly deprived. The corporation knew that no money passed for the sale of the property to it. It furthermore knew that the property as conveyed constituted the bulk of its property. The value of the property transferred, according to the evidence, amounted to from twenty-five hundred to three thousand dollars, and the property remaining in the hands of Wolf, after this transfer, was scarcely sufficient to have liquidated appellee's claim, and it was sold by Wolf shortly after the incorporation of the appellant company. In stating the amount that could be found for the appellant, the court did not commit error. It in no manner prejudiced plaintiff's case and it was entirely proper for the court to suggest this amount to the jury.

Assignments of error are overruled, and the judgment is affirmed.