*119
 
 Taft, J.
 

 If defendant is a corporation, then the judgments of the Court of Appeals must be affirmed.
 

 Admittedly, defendant has not appointed any statutory agent upon whom service of process against defendant can be made in Ohio and defendant has not otherwise consented to service of summons upon it in actions brought in Ohio. An examination of the petitions in the instant cases discloses that neither petition states any cause of action in any way related to the business or activities of defendant in Ohio.
 

 The question is not whether a plaintiff can maintain' a suit against a nonresident on a transitory cause of action arising outside Ohio and in no way related to the business or activities of the nonresident in Ohio. This court has held that a plaintiff may where “personal service is had” on such nonresident
 
 (Mattone
 
 v.
 
 Argentina,
 
 123 Ohio St., 393, 175 N. E., 603) or the defendant has expressly or impliedly consented to service, as by making a voluntary general appearance in the action.
 
 Handy
 
 v.
 
 Insurance Co.,
 
 37 Ohio St., 366.
 

 However, the doing of business in a state by a foreign corporation, which has not appointed a statutory agent upon whom service of process against the corporation can be made in that state or otherwise consented to service of summons upon it in actions brought in that state, will not make the corporation subject to service of summons in an action in personam brought in the courts of that state to enforce a cause of action in no way related to the business or activities of the corporation in that state.
 
 Old Wayne Mutual Life Assn. of Indianapolis
 
 v.
 
 McDonough,
 
 204 U. S., 8, 22, 23, 51 L. Ed., 345, 27 S. Ct., 236;
 
 Simon
 
 v.
 
 Southern Ry. Co.,
 
 236 U. S., 115, 129, 130 and 132, 59 L. Ed., 492, 35 S. Ct., 255. See, also,
 
 Pennsylvania Fire Ins. Co. of Philadelphia
 
 v.
 
 Gold Issue Mining & Milling Co.,
 
 243, U. S., 93, 95 and 96, 61 L. Ed., 610, 37 S. Ct., 344;
 
 Robert Mitchell Furniture Co.
 
 v.
 
 Selden Brech Construction Co.,
 
 257 U. S., 213, 215 and 216, 66 L. Ed., 201, 42 S. Ct., 84;
 
 International Shoe Co.
 
 
 *120
 
 v.
 
 Washington,
 
 326 U S., 310, 319 and 320, 90 L. Ed., 95, 66 S. Ct., 154.
 

 An examination of the opinions of the Supreme Court of the United States in the foregoing cases will clearly disclose that service of summons in such an instance would be void as wanting in due process of law. This problem has given rise to a great volume of litigation. See annotations at 30 A. L. R., 255, and 96 A. L. R., 366. While there are many cases holding to the contrary, we believe that, if, as the foregoing Supreme Court decisions indicate, service of a summons in such an instance would be void as wanting in due process of law within the meaning of that term as used in the 14th Amendment to the Constitution of the United States, this court should follow the law on such a federal constitutional question as announced in those decisions by the Supreme Court of the United States. We are unable to reconcile the decisions in such cases as
 
 Tauza
 
 v.
 
 Susquehanna Coal Co.,
 
 220 N. Y., 259, 115 N. E., 915, with the views which have heretofore been expressed by the Supreme Court of the United States on this question arising under the federal Constitution. However, the Supreme Court of the United States apparently has distinguished the
 
 Tausa case
 
 and indicated that it would not go to the extent which the New York Court of Appeals went in sustaining the service of process in that case.
 
 International Shoe Co.
 
 v.
 
 Washington, supra,
 
 318, 319, 320. The cases of
 
 Cone
 
 v.
 
 New Britain Mach. Co.,
 
 20 F. (2d), 593;
 
 Bennett
 
 v.
 
 Sinclair Refining Co.,
 
 144 Ohio St., 139, 57 N. E. (2d), 776;
 
 International Harvester Co.
 
 v.
 
 Kentucky,
 
 234 U. S., 579, 58 L. Ed., 1479, 34 S. Ct., 944;
 
 Beach v. Kerr Turbine Co.,
 
 243 F., 706; and
 
 United States
 
 v.
 
 Scophony Corp. of America,
 
 333 U. S., 795, 92 L. Ed., 1091, 68 S. Ct., 855, relied upon by plaintiff, all involved causes of action or complaints arising out of or related to business done in the jurisdiction where the action was brought.
 

 
 *121
 
 This brings us to the question as to whether defendant is a corporation.
 

 In order to determine the essential attributes of a corporation, as that word is used in our statutes, it is-necessary to consider the law of this state. In order to determine whether defendant, as a
 
 sociedad anónima.,
 
 has those essential attributes, it is necessary to consider the law of the Philippine Islands under which defendant was organized as a
 
 sociedad anónima.
 
 If, after following the above process, we find that a
 
 sociedad anónima
 
 has, under the laws of the Philippine Islands, the essential attributes of a corporation, as that word is used in our statutes, it will follow that defendant is a corporation within the meaning of our statutes. Otherwise, it is not.
 

 If the corporation law of all jurisdictions were the same, the problem would be relatively simple. However, we know that it is not. Therefore, the mere fact, that an organization does not have all the attributes of an Ohio corporation, does not mean that it is not a foreign corporation within the meaning of those words as used in the Ohio statutes.
 

 The statutory definition of a foreign corporation is of no help. In effect, it defines a corporation as a corporation. Section 8625-2, General Code.
 

 Historically, at common law, a legal unit, or an entity recognized by the law, was either a natural person or not. If not, it was a corporation and consent of the King was necessary for its creation. Blackstone’s Commentaries, Book I, 123, 467, 472, 475. In the United States, the necessity of the King’s consent was replaced by the necessity of the Legislature’s consent. 2 Kent’s Commentaries, 276. See Warren’s Corporate Advantages Without Incorporation, 9-11;
 
 Bank of Toledo
 
 v.
 
 City of Toledo,
 
 1 Ohio St., 622, 642.
 

 The decisions of this court have usually recognized that, in order to be a corporation, an organization must he a legal unit or be recognized as an entity by
 
 *122
 
 the law of the state or country in which it was organized.
 
 First National Bank of Chicago
 
 v.
 
 Trebein Co.,
 
 59 Ohio St., 316, 52 N. E., 834;
 
 State, ex rel.,
 
 v.
 
 Standard Oil Co.,
 
 49 Ohio St., 137, 177, 179, 30 N. E., 279;
 
 Cleveland, Columbus & Cincinnati Rd. Co.
 
 v.
 
 Keary,
 
 3 Ohio St., 201, 205;
 
 Barrick
 
 v.
 
 Gifford,
 
 47 Ohio St., 180, 189, 24 N. E., 259;
 
 American Soap Co.
 
 v.
 
 Bogue,
 
 114 Ohio St., 149, 151, 150 N. E., 743;
 
 State, ex rel. Crabbe, Atty. Genl.,
 
 v.
 
 Thistle Down Jockey Club, Inc.,
 
 114 Ohio St., 582, 590, 151 N. E.,
 
 709; State, ex rel. Chapman,
 
 v.
 
 Urschel,
 
 104 Ohio St., 172, 181, 182, 135 N. E., 630; and
 
 Marfield
 
 v.
 
 Cincinnati D. & T. Traction Co.,
 
 111 Ohio St., 139, 155, 144 N. E., 689, 40 A. L. R., 357.
 

 As Blackstone pointed out, one of the principal reasons for corporations was to avoid the consequences resulting from the death of one of a group of individuals engaged in a common enterprise. This was done by investing a series of individuals, one after another, with the same rights. Blackstone’s Commentaries, 467. It is in this sense that a corporation is said to involve perpetual succession. Those decisions of this court, which cast any doubt on the creation by the Legislature of a legal unit or entity as an essential attribute of a corporation, refer to such perpetual succession as the essential attribute of a corporation.
 
 Cincinnati, Volksblatt Co.
 
 v.
 
 Hoffmeister,
 
 62 Ohio St., 189, 200, 201, 56 N. E., 1033, 48 L. R. A., 732; and
 
 Andres
 
 v.
 
 Morgan, Trustee,
 
 62 Ohio St., 236, 245, 56 N. E., 875.
 

 In Ohio, the limitation of liability of shareholders and members has not been regarded as an essential attribute of a corporation.
 
 Snyder
 
 v.
 
 Chamber of Commerce,
 
 53 Ohio St., 1, 41 N. E., 33;
 
 Express Co.
 
 v.
 
 State,
 
 55 Ohio St., 69, 78, 79, 44 N. E., 506; and
 
 Brown
 
 v.
 
 Hitchcock,
 
 36 Ohio St., 667. It is, of course, a common attribute.
 

 
 *123
 
 In determining' whether an organization is a corporation, this court has never seemed very much concerned with what the organization is called.
 
 Express Co.
 
 v.
 
 State, supra.
 
 Even if it is not called a corporation in the state from which it derives consent to be an entity or is called something else, an organization which has the essential attributes of a corporation is regarded in other states as a corporation.
 
 Liverpool Ins. Co.
 
 v.
 
 Massachusetts,
 
 10 Wallace, 566, 19 L. Ed., 1029; and
 
 Hemphill
 
 v.
 
 Orloff,
 
 277 U. S., 537, 550, 72 L. Ed., 978, 48 S. Ct., 577.
 

 Section 116 of the Philippine Code of Commerce, under which defendant was organized, specifically provides that when a
 
 sociedad anónima
 
 is organized under its provisions, it becomes a legal entity.
 

 The decisions of the highest court of the Philippine Islands have consistently and repeatedly treated
 
 sociedad anónima
 
 as legal units or entities having rights and obligations separate and distinct from the rights and obligations of their shareholders.
 
 Strong
 
 v.
 
 Repide,
 
 6 Phil., 680, 690, 691;
 
 Harden
 
 v.
 
 Benguet Consolidated Mining Co.,
 
 58 Phil., 141, 146;
 
 Mead
 
 v.
 
 McCullough,
 
 21 Phil., 95, 106, 121;
 
 Vargas & Co.
 
 v.
 
 Chan Hang Chiu,
 
 29 Phil., 446, 448;
 
 Compania Agricola de Ultramar
 
 v.
 
 Reyes,
 
 4 Phil., 2, 13; and
 
 Prautch Scholes & Co.
 
 v.
 
 Fernandez,
 
 1 Phil., 705.
 

 That court has recognized that shares owned by shareholders of a
 
 sociedad anónima
 
 are transferrable without consent of the
 
 sociedad anónima
 
 or of its other shareholders and that changes in the ownership of shares do not in any way affect the rights and liabilities of a
 
 sociedad anonima. Strong
 
 v.
 
 Repide, supra,
 
 690.
 

 Other decisions of that court have recognized a
 
 sociedad anonim,a
 
 as a corporation. See, for example,
 
 Hanlon
 
 v.
 
 Haussermann,
 
 40 Phil., 796, 798; and
 
 Reyes
 
 v.
 
 Compania Maritina,
 
 3 Phil., 519.
 

 
 *124
 
 Plaintiff contends that, since the existence of defendant as a
 
 sociedad anónima
 
 is limited to 50 years, it does not have perpetual succession. However, unlike a partnership, the death of a shareholder or other change in the identity of shareholders does not affect the continued existence of the
 
 sociedad anonima.
 
 It is in this sense that the term, perpetual succession, is used when referring to it as an essential attribute of a corporation.
 
 Andres
 
 v.
 
 Morgan, Trustee, supra.
 
 That an organization may be a corporation, even though its right to exist as a corporation is limited to a definite number of years, has long been recognized in Ohio. See Section 8623-134, General Code.
 

 Plaintiff further contends that a
 
 sociedad anónima
 
 is not a corporation because it receives no charter from the state. However, the statutes under which it was organized provide for the commencement of its existence on the filing of certain papers with a public official.
 
 Compania Agricola de Ultramar
 
 v.
 
 Reyes, supra,
 
 13; and
 
 Mead.
 
 v.
 
 McCullough, supra,
 
 106. This is substantially the same procedure now followed in this state in incorporating a corporation under our General Corporation Act. See Section 8623-7, General Code.
 

 Plaintiff contends further that defendant is estopped to claim that it is a corporation. In support of that contention, plaintiff refers to
 
 Harden v. Benguet Consolidated Mining Co., supra,
 
 141, where a shareholder of the Balatoc Mining Company sued the defendant to cancel shares of Balatoc stock issued to defendant. The action was based upon a provision of the Philippine Corporation Law of 1906, prohibiting a mining-corporation from owning stock in another mining corporation. Plaintiff takes the position that, because defendant defended that action on the ground that it was not a corporation but was a
 
 sociedad anónima,
 
 it is now estopped to maintain that it is a corporation.
 

 
 *125
 
 It may be observed that, when the 1906 Corporation Code of the Philippine Islands was adopted, Section 75 thereof provided that a previously organized
 
 sociedad anónima
 
 should “be subject to the provisions hereof, so.far as such provisions may be applicable and shall be entitled at its option either to continue business as such corporation or to reform and organize under” the Corporation Code. The words of this very section seem to recognize a
 
 sociedad anonima
 
 as a corporation.
 

 In the
 
 Harden case,
 
 in taking the position that it was a
 
 sociedad anónima
 
 and not a corporation, defendant was obviously contending that the prohibition against owning shares of another mining corporation was applicable only to a corporation organized under the Corporation Law of 1906 and not to a
 
 sociedad, anónima
 
 organized under the law theretofore existing. The Supreme Court of the Philippine Islands refused to decide this question, stating that it could be raised only in an action in
 
 quo warranto.
 
 Therefore, defendant did not secure any advantage by making this contention which was not adopted by the court. Furthermore, plaintiff could not reasonably rely upon that contention to her prejudice. In other words, there is no basis for an estoppel. At most, this contention by defendant was, so far as the instant cases are concerned, an extrajudicial admission which would not be conclusive on this defendant. See
 
 Harrison
 
 v.
 
 Castner,
 
 11 Ohio St., 339, and
 
 Morgan v. Spangler, Sheriff,
 
 14 Ohio St., 102.
 

 Plaintiff relies further on a statement in the bylaws of defendant referring to it as an “anonymous partnership or
 
 sociedad
 
 anónima.” Apparently, plaintiff’s contention is that an anonymous partnership cannot be a corporation. As we have previously pointed out, the question, as to whether an organization is a corporation, depends not upon the name by which it
 
 *126
 
 is called but upon whether it has the essential attributes of a corporation.
 

 Plaintiff refers further to a statement .placed in a prospectus to sell defendant’s stock, that defendant “was organized * * * as a
 
 sociedad anónima
 
 * * *” and when its 50-year “life expires * * * may apply for a charter to operate as a corporation rather than as a
 
 sociedad anónima.”
 
 As brought out in the
 
 Harden case,
 
 there might well be differences’ between a corporation organized under the Philippine Corporation Law of 1906 and a
 
 sociedad anónima.
 
 It does not follow that a
 
 sociedad anónima
 
 is not a corporation.
 

 Finally, plaintiff places great stress upon an answer, filed by defendant in certain litigation between this plaintiff and this defendant in California, in which defendant denied that it “is or ever has been a corporation.” However, as defendant points out, plaintiff took the position in that litigation that defendant “was * * * and still is a corporation.” From the reported opinion in that litigation, it does not appear that the question, as to whether defendant was or was not a corporation, was of any material importance in the litigation. It may be observed, however, that the California Court of Appeals did consider and treat defendant as a corporation. If, therefore, there was any material controversy between the parties on that question in the California litigation, it would appear that plaintiff prevailed in her contention that defendant was a corporation.
 
 Perkins v. Benguet Consolidated Mining Co.,
 
 55 Cal. App. (2d), 720, 132 P. (2d), 70.
 

 In any event, we see no reason for saying, in the instant cases, that there is any basis for estopping defendant from contending that it is a corporation. Certainly, plaintiff has shown no reasonable reliance on any action of defendant indicating, or representations of defendant to the effect, that it was not a corpora
 
 *127
 
 tion; and has not shown that she was prejudiced in any way by a change in position made in reliance upon any such action or representation.
 

 This appeal does not involve the question whether plaintiff can maintain this action as one
 
 in rem
 
 by reason of any attachments of assets of the defendant.
 

 Judgments affirmed.
 

 Zimmerman, Stewart, Middleton and Matthias, JJ., concur.
 

 Weygandt, C. J., and Hart, J., dissent.