## Satler v. Rice

*Lester H. Novack*, for plaintiff.

*Joseph Singer*, for defendant and additional defendant.

*Jerome Kaplan*, for garnishee.

BURCH, J., July 1, 1957.—This case was tried before the writer as trial judge sitting without a jury on September 11, 1956. It is a writ of attachment execution pursuant to a judgment entered on January 19, 1955, in favor of plaintiff against defendant, Joseph P. Rice, individually and trading as Girard Floor Covering, for failure to file an answer. Damages were assessed on the same day in the sum of $1,047.11.

On May 2, 1955, defendant filed a rule to show cause why the judgment should not be opened and defendant let into a defense. On June 11, 1955, the rule was discharged.

On January 31, 1956, a writ of attachment execution was issued naming S. Yellin & Son, Inc., as gar-

nishee. This writ was served on the garnishee on January 31, 1956. On February 14, 1956, interrogatories to the garnishee were filed and garnishee's answer and new matter was filed February 24, 1956. The new matter averred that at the time the writ of attachment was served upon garnishee, the garnishee had business transactions with a corporation by the name of Girard Floor Covering Company, Inc.

On February 6, 1956, the Girard Floor Covering Co., Inc., a corporation, filed a petition to intervene as a party defendant, and on February 17, 1956, the court entered an order granting the petition to intervene.

On March 13, 1956, the Girard Floor Covering Company, Inc., filed a petition and rule to show cause why the garnishee should not pay over to it the sum in the hands of the garnishee, to wit, $1,480. On March 29, 1956, the court entered an order continuing the rule pending trial of the case on the merits.

Thus in the case tried before us the parties in issue are plaintiff, Nathan A. Satler, trading as Penn Sales Company; Joseph P. Rice, individually and trading as Girard Floor Covering, defendant; Girard Floor Covering Company, Inc., additional defendant, and S. Yellin & Son, Inc., the garnishee, a stakeholder.

Plaintiff maintains: (1) That the corporation, Girard Floor Covering Company, Inc., was used as a device by defendant, Joseph P. Rice, to avoid his liability to plaintiff, and (2) that since the corporation succeeded to the business operated by the individual, Joseph P. Rice, the corporation became liable for the existing debts of Joseph P. Rice. The corporation maintains that it is a bona fide legal entity and as such is not liable for any debts of Joseph P. Rice.

Prior to June of 1955, Joseph P. Rice operated as an individual trading as Girard Floor Covering and was registered under the Fictitious Names Act of June 28, 1917, P. L. 645. In June 1955 the registration was

canceled and a corporation bearing the name of Girard Floor Covering Company, Inc., was formed. The incorporators were Samuel Weiss, Isadore Rice and Solomon Holtz. Isadore Rice is the brother of Joseph P. Rice and Weiss and Holtz are brothers-in-law of Joseph P. Rice. Each of the three incorporators allegedly paid the sum of $1,000 into the corporation and each received 20 shares of stock.

The business conducted by Rice as an individual had no tangible assets. He leased desk space and had a telephone answering service in the Western Savings Fund Building. After incorporation with an almost identical trade name, the corporation also leased desk space and had a telephone answering service in the Western Savings Fund Building. Since incorporation the stockholders have received no payment from the corporation in the form of salary or dividends and have received no financial benefits whatsoever. The only one receiving any financial benefits is Joseph P. Rice who draws a salary of $125 per week.

The chronology attending the forming of the corporation is very significant. The rule to open the judgment was discharged by the court on June 11, 1955. Immediately thereafter the registration of Joseph P. Rice, trading as Girard Floor Covering, was canceled and a corporation bearing the name of Girard Floor Covering Company, Inc., was formed. If the alleged $1,000 was advanced by each of the three relatives, it was contributed solely for the benefit of Joseph P. Rice. The three nominal incorporators and stockholders apparently expected and actually received no remuneration whatsoever.

It is true that the individual incorporators are persons other than the individual debtor but they are close relatives and all the surrounding circumstances make it clear that the sole purpose of forming the corporation was to allow defendant, Joseph P. Rice, to con-

tinue in business without responsibility to his individual creditors. As was said in Gagnon v. Speback, 389 Pa. 17, 21 (1957) : " '. . . this fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby . . .' " We find that no rights of innocent parties will be prejudiced in this case because we are convinced that the relatives of Joseph P. Rice joined with him in forming the corporation for the purpose which we have stated.

Joseph P. Rice continued to have full control of the corporation and continued to operate it as his business without interruption or any essential change in the manner in which his business had been conducted. Under the circumstances we are of the opinion that the corporate veil must be pierced so that justice may be done. The fiction of the corporate entity may not be used to bring about unjust results: Norris Tool and Machine Co. v. Rosenlund, 355 Pa. 560 (1947) ; Edirose Silk Manufacturing Company v. First National Bank and Trust Company, 338 Pa. 139 (1940) ; Tucker v. Binenstock, 310 Pa. 254 (1933).

Where a newly formed corporation takes over all the assets of an existing business it is responsible for the debts and obligations of that business: Miller v. South Hills Lumber and Supply Company, 334 Pa. 293 (1939) ; Kulka v. Nemirovsky, 321 Pa. 234 (1936). In the instant case there were no tangible assets, but there is an intangible asset that passed from the individual to the newly formed corporation. Joseph P. Rice's principal customer was S. Yellin & Son, Inc. Retaining almost the identical name, the corporation continued to do business with S. Yellin & Son, Inc. In fact, Frank W. Butterworth, vice president of S. Yellin & Son, Inc., testified that he continued to do

business with Joseph P. Rice under the impression that Joseph P. Rice was still operating as an individual trading as Girard Floor Covering, and he did not know that Joseph P. Rice had formed a corporation.

The trial judge on October 16, 1956, entered a finding for plaintiff. The additional defendant's motions for a new trial and for judgment n. o. v. are dismissed by the court en banc and judgment is entered on the finding.

### Final Judgment

May 7, 1957, 9:30 a.m. Additional defendant's motion for new trial and for judgment n. o. v. are dismissed and judgment entered on the findings.