## Thompson v. Delaware County Medical Society Public Health Fund, Inc.

*Thomas W. Maher* and *John Potts*, for plaintiff.

*James C. Buckley*, for defendant.

DEFURIA, J., January 17, 1969.—The pleadings consist of an amended complaint, an answer and new matter and a reply. On the basis of the facts alleged and admitted in the pleadings, defendant filed a motion for summary judgment, claiming that a cause of action against it had not been alleged.

For the present purposes, the following facts must be assumed:

1. Plaintiff, an individual, in the fall of 1963 purchased from the Delaware County Medical Society (another entity, not the defendant) and/or others unnamed, Sabin Oral Polio Vaccine, Type III, and ingested same.

2. Shortly thereafter plaintiff contracted the disease known as poliomyelitis as a direct and proximate result of said purchase and consumption.

3. The sellers of the vaccine expressly warranted to the public that it was safe for the treatment of the

general public, that it was safe and suitable for use as a deterrent of the disease poliomyelitis, and was merchantable and reasonably fit for the general purpose for which said vaccine was made and sold, without causing said disease, and that it would not cause said disease.

4. Said sellers received revenues from the sales of the vaccine which they turned over to defendant, which was contemporaneously or shortly after said sales incorporated by the sellers for the purpose of being a repository for said revenues.

5. Defendant's corporate existence began on January 24, 1964, after said sale and after plaintiff contracted the disease.

6. Defendant expressly and impliedly assumed the obligations arising from the sale and distribution of the vaccine in the fall of 1963 by accepting the revenues therefrom.

7: Defendant is liable for the breach of said warranties.

Will these facts maintain a cause of action?

The issue is narrow: Is a nonprofit corporation liable for the breach of a warranty by its promoters, incorporators or predecessors? This is the real issue as posed by the pleadings. However, even if defendant was not part of the initial immunization drive (even as a repository), could it keep funds (assets) that would have been subject to the liability of the donor?

Defendant holds that it cannot be held liable and raises "the defense of want of corporate existence", which is inapplicable because it *is* in existence now, and its liability is predicated on action by others prior to its corporate existence which it has assumed by accepting the funds.

Plaintiff admits a paucity of law on the issue of the liability of a nonprofit corporation for the acts and deeds of its predecessors: Wesley Church v. Moore, 10

Pa. 273 (1849), cited by plaintiff is not helpful because there the church expressly assumed the prior obligation.

Plaintiff next advances cases involving *business* corporations. In Miller v. South Hills Lumber and Supply Company, 334 Pa. 293 (1939), the individual proprietor incorporated and transferred assets to the corporation. The court held there was a continuing liability of the assets for the debts prior to incorporation. It is clear that one may not transfer assets to avoid debts. In Kulka v. Nemirovsky, 321 Pa. 234 (1936), again the original debtors incorporated. The court permitted a "piercing of the corporate veil". The basic rationale of these rulings is that the business corporation cannot benefit without assuming the burdens.

Why should not the same rule apply to nonprofit corporations? Logic would not be offended, nor morality. After all, the rule is equitable in nature, and equity would dictate with as great a force, if not greater, that a nonprofit corporation should not benefit to the detriment of an injured party. The recipient of the benefit may be entirely innocent, as here, but the benefits received are subject to liability.

Therefore, we hold that plaintiff has pleaded a sufficient cause of action against defendant. Plaintiff will have a difficult burden of proof, and collateral issues will have to be resolved after the issues of material fact are decided. Are the moneys received by defendant alone liable? If so, to what extent? Those it received; those it had at time of suit; those it has at time of judgment?

Since a summary judgment can only be entered if there are no undetermined issues of fact: Pa. Rule of Civil Procedure 1035, the court enters the following

ORDER

And now, January 17, 1969, defendant's motion for summary judgment is dismissed.