## MAHAFFEY COMPANY *v.* RUSSELL & BUTLER.

[54 South. 807, 945.]

1. CORPORATIONS. *Reincorporation. Liability for debts of original company. Attachment. Claimant. Joinder of issue. Time. Instructions.*

   One corporation cannot, to the prejudice of its creditors, give away its assets to another corporation; nor can one corporation defeat creditors of another by the purchase of its assets, even for value, unless such purchase is *bona fide.* But in either case the purchasing corporation is liable for the debts of the selling corporation, only to the extent of the value of the assets actually received by it.

2. ATTACHMENT. *Claimant's issue.*

   The claimant in an attachment suit is not required to join issue until final judgment in the main case.

3. INSTRUCTIONS. *Cured by other instructions.*

   Where one instruction erroneously declared that the plaintiff could recover his full claim from a corporation if it received assets of another corporation, the debtor of plaintiff, in any amount whatever, it is not cured by another instruction that the plaintiff must show that the receiving corporation received assets belonging to the other corporation and that it cannot be held liable beyond the value of such assets, for where the facts stated in a concrete charge are not sufficient to sustain the verdict directed, the error is a reversible one, and cannot be cured by other instructions.

APPEAL from the circuit court of Lauderdale county. HON. JNO. L. BUCKLEY, Judge.

Attachment by Russell & Butler against the Mahaffey Co. et al. From a judgment for plaintiffs, defendant appeals.

The facts are fully stated in the opinion of the court.

*A. S. Bozman,* for appellant.

*Baskins & Wilburn,* for appellee.

The record in this case has been lost and hence no briefs of counsel can be given.

ANDERSON, J., delivered the opinion of the court.

This is an attachment suit, begun in the circuit court of Lauderdale county. The appellees were the plaintiffs in the court below, the appellant Mahaffey Company the defendant, and the appellants the Union Bank & Trust Company and the Hamilton National Bank were, respectively, garnishee and claimant. There was a judgment in favor of appellees against the defendant, the garnishee, and the claimant, all of whom appeal to this court.

The garnishee the Union Bank & Trust Company, of Meridian, having in its possession funds claimed by Russell & Butler to belong to the Mahaffey Company, was garnished, which writ of garnishment it answered, setting up that it had in its possession one hundred and ninety-nine dollars and two cents, being the net proceeds of a draft drawn by the Mahaffey Company on Meyer Bros., of Meridian, in favor of the Hamilton National Bank, of Chicago, which had been paid, and was being held as required by section 4852, Code of 1906, and which was claimed by the said Hamilton National Bank. The Mahaffey Company appeared and pleaded the general issue. At the return term the Hamilton National Bank filed an affidavit claiming the funds garnished in the hands of the Union Bank & Trust Company, and at the same term Russell & Butler tendered issue on such claim; but not until a later term did the claimant join issue on such tender. A trial was had on the main case, resulting in judgment for Russell & Butler against the Mahaffey Company. On motion of Russell & Butler, judgment was rendered against the claimant, the Hamilton National Bank, because of its failure to join issue at the return term of the tender made by Russell & Butler.

Judgment was also rendered against the garnishee, the Union Bank & Trust Company, subjecting the funds in its possession to the payment of the judgment in favor of Russell & Butler.

The Mahaffey Company, a Wisconsin corporation, doing business in the city of Chicago through a branch office, in October and November, 1906, became indebted to Russell & Butler. This indebtedness has never been paid. That corporation was dissolved, discontinuing business in 1907. In the latter part of 1907 another corporation with exactly the same name (the Mahaffey Company) was organized under the laws of Illinois, and since then has been domiciled and doing business in the city of Chicago. The funds garnished, in possession of the Union Bank & Trust Company, Russell & Butler claim, belong to this corporation. Russell & Butler sought to show that one Samuel Mahaffey was a stockholder, managing officer, and moving spirit in both of these corporations, and through him the latter corporation, with full knowledge of the indebtedness of the former corporation to them, took over its assets in a sufficient amount to pay their indebtedness, such transfer being without consideration, and therefore they had the right to hold said new corporation liable for the indebtedness due them by the old. The testimony is conflicting as to whether the new corporation got any of the assets of the old, and, if so, what amount.

The court gave instruction No. 2 for Russell & Butler, which is assigned as error. -That instruction is in this' language: "The court charges the jury for the plaintiffs, that even if they should believe from the testimony that the present Mahaffey Company is a corporation organized October 28, 1907, still if the jury further believe from the testimony that Samuel Mahaffey was a stockholder or officer of the Mahaffey Company that existed in October, 1906, and that Samuel Mahaffey conducted the correspondence in evidence between plaintiffs

and said Mahaffey Company, and continued as a stockholder and officer in the service of said company until June, 1907, and that on or about said date the Mahaffey Company that had existed theretofore ceased to do business, and that the said Samuel Mahaffey thereafter conducted a similar business in the name of the Mahaffey Company at the same stand, and used the good will or any of the assets of the said Mahaffey Company that existed in October, 1906, in the conduct of said business, and conveyed and transferred to the new Mahaffey Company that was organized October 28, 1907, the good will of said business conducted by the said Samuel Mahaffey and its assets, and that said corporation organized October 28, 1907, had for its principal stockholder the said Samuel Mahaffey and conducted a similar business to the business of the old Mahaffey Company and at the same stand, with any of the assets or good will of said business, then the said Mahaffey Company that now exists is liable to the plaintiffs for whatever debt the old Mahaffey Company may owe the plaintiff, if any, as shown by the testimony, and the jury will find for the plaintiffs.'' This instruction is erroneous. By it the jury were directed to return a verdict for Russell & Butler, if the evidence showed that the present Mahaffey Company took over *any of the assets whatever* of the former Mahaffey Company. This is not the law. It is true that one corporation cannot, to the prejudice of its creditors, give away its assets to another corporation; nor can one corporation defeat the creditors of another by the purchase of its assets, even for value, unless such purchase is *bona fide*. In either case, the purchasing corporation is liable for the debts of the selling corporation, *but only to the extent of the value of the assets actually received by it*. These principles are too well settled and familiar to require the citation of authorities for their support.

The court erred in rendering judgment against the Hamilton National Bank, the claimant, and the Union Bank & Trust Company, the garnishee. Such judgment was based on the failure of the claimant to join issue at the return term on the tender of Russel & Butler. The claimant in an attachment suit is not required to join issue until final judgment in the main case. *White* v. *Roach,* 53 South. 622.          *Reversed and remanded.*

After the rendition of the foregoing opinion counsel for the appellee submitted an elaborate suggestion of error and thereafter ANDERSON, J., delivered the opinion of the court.

It is contended that the error in instruction No. 2 given for appellees was cured by instruction No. 3 given for appellant the Mahaffey Company, as follows: "The court instructs the jury that it devolves upon the plaintiffs to show by a preponderance of the evidence that the defendant corporation acquired assets or property of value belonging to the Wisconsin corporation, and the value of the same, and the defendant cannot be held liable to plaintiffs for the debt due them by the Wisconsin corporation beyond the value of such assets; and unless the plaintiffs have shown by a preponderance of the evidence that the defendant did acquire from the Wisconsin corporation assets or property of value, then you will find for the defendant."

These two instructions are squarely in conflict. Taken together, and in connection with all other instructions in the case, the law was not correctly given to the jury. By instruction No. 2 the jury were authorized to return a verdict in favor of appellees for the amount of their claim, if the Illinois corporation had received assets of the Wisconsin corporation in any amount whatever; while by instruction No. 3 the jury were informed that appellant was only liable for the debt due appellees by the Wisconsin corporation to the extent of the value of assets, if any, received by appellant from that corpora-

tion. Instruction No. 2 for appellees undertakes to make a concrete application of the law to the facts of the case, and directs a designated verdict if those facts are believed by the jury. The rule is that, where the facts stated in such a charge are insufficient in law to sustain the verdict directed, the error is a reversible one, and cannot be cured by other instructions. *Harper* v. *State,* 83 Miss 402, 35 South. 572.

The suggestion of error is overruled.      *Overruled.*