MISSISSIPPI COTTONSEED PRODUCTS CO. *v.* PLANTERS' MFG. CO.

(Division B. Jan. 26, 1931. Suggestion of Error Overruled Feb. 9, 1931.)

[132 So. 97. No. 29056.]

**Green & Green,** of Jackson, for appellant.

F. G. Cooper and P. W. Allen, both of Indianola, for appellee.

Argued orally by **Garner W. Green,** for appellant and by **P. W. Allen,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was defendant in the court below, and the appellee was complainant there. The complainant filed a bill against the Mississippi Cottonseed Products Company and the Hollandale Cotton Oil Mill to subject property in the hands of the Mississippi Cottonseed Products Company, taken over from the Hollandale Cotton Oil Mill under a contract referered to in the bill, and to subject the property formerly owned by the Hollandale Cotton Oil Mill to a judgment obtained against the Hollandale Cotton Oil Mill and against W. H. Hutchens, for the value of the property embraced in a deed of trust given to the Planters' Manufacturing Company by said Hutchens, which property had been sold to the Hollandale Cotton Oil Mill. It was claimed that the Mississippi Cottonseed Products Company was liable (1) under the signboard statute, section 3352, Mississippi Code of 1930; and (2) because the complainant, Hollandale Cotton Oil Mill, together with other cotton oil mills, consolidated and organized the defendant, Mississippi Cottonseed Pruducts Company, and that it was a part of said scheme of consolidation "that the said Mississippi Cottonseed Products Company assumed and agreed to pay all of the outstanding obligations" of the said Hollandale Cotton Oil Mill; and (3) that the conveyance of the property of the Hollandale Cotton Oil Mill to the Mississippi Cottonseed Products Company was for the purpose and intent of hindering, delaying, and defrauding the creditors of the Hollandale Cotton Oil Mill, and especially this complainant.

The Mississippi Cottonseed Products Company answered, denying the recovery of judgment against the Hollandale Cotton Oil Mill and denying that the said judgment is good and valid. It denied the transfer of all the assets of the Hollandale Cotton Oil Mill to the Mississippi Cottonseed Products Company; denied the al-

legations with reference to the signboard statute, and denied its applicability to the facts involved in the suit. It denied taking over the assets in fraud, but averred that it paid full value for the property and acquired it in good faith.

It appeared that the Planters' Manufacturing Company had taken a deed of trust upon certain property, including crops, and that the Hollandale Cotton Oil Mill had purchased certain cotton and cotton seed from the grantor in the deed of trust, and suit was brought and judgment obtained against the Hollandale Cotton Oil Mill, but the Mississippi Cottonseed Products Company was not made a party to the said suit, and it purchased the property involved in the suit at bar between the filing of the suit and the rendition of the judgment. It appeared that some of the directors of the Hollandale Cotton Oil Mill were also directors of the Mississippi Cottonseed Products Company, and that such directors held stock in both corporations.

A contract was introduced in evidence, in which it appeared that "G. W. Covington and J. B. Perry, with their associates, are now, and have been for many years heretofore, engaged in the cotton oil business in the State of Mississippi, crushing therein approximately one-third of the crop; and therefor financial arrangements are essential and other economies requisite, effectually to compete with other organizations;" and it is recited that Perry and Covington in these operations have utilized many separate corporations substantially as subsidiaries of a parent organization, that the continued operation by a holding association is not satisfactory, and there should be a reorganization into a unified control, to attain the economies and efficiency desired, "simply hereby changing the form of the operation and not its substance." It was recited that it was agreed by and between the Mississippi Cottonseed Products Company and the Hollandale Cotton Oil Mill that a reorganization

should be effected whereunto both the products company and the cotton oil mill should become parties as well as other corporations dominated by said interests similarly situated to and with the oil mill; that, as of the 31st day of July, 1927, in consideration of full value, the oil mill would convey by warranty deed unto the products company all real property owned by it, and likewise all personal property, saving and excepting three hundred fifty-six shares of stock owned by the oil mill in the products company, which should be and remain property of the oil mill; that the said oil mill had, among other things, assigned to the products company, one hundred twelve thousand eight hundred seventy-two dollars and thirty-two cents, of accounts receivable and sixty-five thousand two hundred twenty-seven dollars and sixty cents of bills receivable, listed as Exhibit A to the contract. The collection of these the oil mill guaranteed absolutely and unconditionally, and that these amounts would be paid as and when due. The products company was given permission to extend or renew these accounts and bills receivable as if absolute owner thereof. It was further provided that, effective as of July 31, 1927, all business done by the oil mill should be for the account of the products company, which should receive the benefit thereof, and bear the burdens in that behalf. It is not deemed necessary to set out full stipulations of this contract, but what is stated indicated the character of the transaction.

On October 28, 1929, on the minute book of the Hollandale Cotton Oil Mill was entered the following: "A special call meeting of the stockholders held in the office of the Hollandale Cotton Oil Mill on October 28, 1929, all stock being represented: the following resolutions dissolving the company was passed: 'Thereupon the Chairman stated that all of the debts of this Corporation had been fully paid and satisfied and that the corporation was now without property other than the franchise to be corporation, and further that it was no longer en-

gaged in business, and thereupon on motion made and duly seconded, it was resolved that the charter of this corporation be forthwith surrendered, in accordance with the statute, and that Garner W. Green, Jackson, Mississippi, be authorized and empowered for and on behalf of this corporation to do all things requisite and necessary therefor. This being put, it was unanimously carried, voting therefor, all shares of the corporation issued and outstanding, against, none.'."

After the trial had begun and evidence was being taken, the Mississippi Cottonseed Products Company sought to amend its answer so as to set up that the judgment sued on, in so far as the Hollandale Cotton Oil Mill was concerned, was based solely upon the allegations that, without knowledge or consent of the complainant, the said Hollandale Cotton Oil Mill purchased certain cotton seed which was under a certain mortgage therein set out, and it was not true that said Hollandale Cotton Oil Mill did so, but, on the contrary, the said company, acting by its manager, Rayburn Jones, called upon the plaintiff, represented by M. R. Jones, and told said M. R. Jones of said purchase before payment for the seed was made, and that M. R. Jones, acting for the complainant, assented to the said purchase by the Hollandale Cotton Oil Mill and instructed said Rayburn Jones to proceed therewith, and not to remit to him, the said M. R. Jones, on behalf of the Planters' Cotton Oil Company, the amount due and owing therefor; that upon reliance on said action said purchase was made, and that, when the suit was filed, said Rayburn Jones informed the counsel of the company that this fact could easily be proved, and with that statement was not personally present, and did not testify, but that, contrary to the representations to said counsel of said trial, other persons other than the said M. R. Jones were placed on the stand and testified to want of knowledge, and consent by the said complainant; that said M. R. Jones, according

to the statement made to said Rayburn Jones, since the adjournment of the court, did not so testify, and the fact was and is that the said M. R. Jones stated that he had no knowledge or recollection of the transaction, and did not state that it was not made as averred, and that the said Rayburn Jones stated that it was made with knowledge and consent, and that the only witness by whom this proof could be made at that time did not testify in the case when tried at Indianola, and was absent therefrom. The court refused to allow the amendment, and the defendant offered to produce said witness to testify, which the court did not permit.

It appears that some of the directors and officers of the Mississippi Cottonseed Products Company were also directors of the Hollandale Cotton Oil Mill, and that these directors had knowledge of the pendency of the suit by the Planters' Manufacturing Company against the Hollandale Cotton Oil Mill, and the nature and character of the claim. There was no effort on the part of the Mississippi Cottonseed Products Company, or any of its officers, to intervene in that suit, and it was not made a party in the suit against the Hollandale Cotton Oil Mill.

It appears that the proof offered and desired to be established in this case for the purpose of attacking the judgment rendered in the said suit was evidence that was known at the time of the trial in the original suit, and that the witnesses did not appear and testify, and that it was merely in the present suit to impeach or contradict M. R. Jones as to the statement made in the other trial. The chancellor rendered a decree holding the Mississippi Cottonseed Products Company liable and rendered judgment against it subjecting the property purchased from the Hollandale Cotton Oil Mill to the debt of the Planters' Manufacturing Company, or, in lieu of surrendering the property, a judgment for the value thereof.

It is contended by the Mississippi Cottonseed Products Company that it was the purchaser for value in good faith without notice, and that it was entitled to protection in its purchase. It will be seen from the instrument shown that the nature and character of the transaction which the parties were bringing about by permitting the Mississippi Cottonseed Products Company to take over the property of the Hollandale Cotton Oil Mill and other similar companies was inconsistent with any rightful theory of purchase for value without notice. In the case of Vicksburg & Y. C. Telephone Co. v. Citizens' Telephone Co., 79 Miss. 341, 30 So. 725, 89 Am. St. Rep. 656, it was held that, where one corporation transfers all of its property to another, and ceases to do business, its liabilities are enforceable in equity against the property in the hands of the purchasing corporation, if the transfer is not bona fide, and the jurisdiction of equity is not affected by the fact that the proceeding involves incidentally the ascertainment of unliquidated damages. It was further held that the allegation in a creditor's bill that a corporation has sold all of its property and ceased to do business, thus necessarily rendering itself unable to perform a contract with the complainant, of which the purchasing corporation had notice, is equivalent to charging that the transfer was not bona fide.

In Morrison v. American Snuff Co., 79 Miss. 330, 30 So. 723, 89 Am. St. Rep. 598, the court said: "It was not competent for the George W. Helm Company to consolidate itself with other companies forming this new consolidated company, and escape payment of the debts due from it before consolidation. Where there has been consolidation, the new company takes, with notice, the property of the constituent companies, and is not a bona-fide purchaser for value. . . . 'Where one corporation goes entirely out of existence by being annexed to or merged into another corporation, if no arrangements are made respecting the property and liabilities of the

corporation that ceases to exist the surviving corporation will be entitled to all the property and answerable for all the liabilities of the other. The liabilities of the old corporations are enforceable against the new one in the same way as if no change had been made.' ''

In the Meridian Light & Railway Co. v. Josie Catar, 103 Miss. 616, 60 So. 657, it was held (in the first syllabus) : ''Neither law nor equity will permit one corporation to take all the property of another, deprive it of the means of paying its debts, enable it to dissolve its corporate existence, and place itself practically beyond the reach of creditors, without assuming its liabilities.'' It was further held that persons who acquire the property of the old corporations other than at a foreclosure sale are not purchasers for value without notice.

In Mahaffey Co. et al. v. Russell & Butler, 100 Miss. 122, 54 So. 807, 945, it was held: ''A corporation cannot, to the prejudice of its creditors, give away its assets to another corporation, nor can one corporation defeat the creditors of another by the purchase of its assets even for value, unless such purchase is bona fide; but in either case a purchasing corporation is only liable for the debts of the selling corporation to the extent of the value of the assets actually received.''

We think under these authorities the appellant was not a purchaser for value without notice and entitled to protection as such. In fact the record shows that it was the purpose of the organizers of the Mississippi Cottonseed Products Company to take over under one unified control several corporations being operated by the persons owning the stock in the Hollandale Cotton Oil Mill and other companies. Besides it is provided in section 4172, Mississippi Code of 1930, section 912, Code of 1906, that ''on the dissolution of any corporation, either by judgment or otherwise, all its real and personal estate shall be vested in the stockholders therein, in their respective proportions, who shall hold the same as ten-

ants in common; but this section shall not extend to any property except that which the corporation might lawfully have held without forfeiting the same to the state. Debts due to and from the corporation shall not be extinguished by its dissolution, but shall be a charge upon its property."

From the order, above quoted, on the minutes of the Hollandale Cotton Oil Mill, it will be seen that it proposed to surrender the charter and dissolve the corporation. In other words, under the contract previously made, its operation in effect was for the benefit and under the control of the Mississippi Cottonseed Products Company. We are therefore of the opinion that the property of the Hollandale Cotton Oil Mill are trust funds for its creditors, and that it could not be diverted, through the method attempted, into the hands of their stockholders, by surrendering the property to the Mississippi Cottonseed Products Company and taking its shares in payment for the property.

We are also of the opinion that the chancellor committed no error in refusing to permit the amendment to admit the evidence as above stated. The defendant was fully cognizant of the facts, whatever they may be, prior to filing its original answer and prior to entering upon the trial, and it is ordinarily improper to permit a defendant having full knowledge of facts and failing to plead them before the trial was entered upon to force a continuance or otherwise to prejudice the trial of the case by a matter which he should have set up beforehand. It certainly was within the discretion of the chancellor, and we are unable to see any abuse of his discretion in this case. When the appellant took over the assets of the Hollandale Cotton Oil Mill, it was charged with notice of the suit, under the circumstances, against the Hollandale Cotton Oil Mill, and, as it took with notice and was not a bona-fide purchaser, and as it in effect took the oil mill over with the agreement to pay the debts and

had knowledge of the pendency of the suit against it, it should not be permitted to reopen the litigation and attack the judgment in the manner sought. Furthermore, it is doubtful whether Jones, as manager of the Planters' Manufacturing Company, could give away its rights without some consideration for his agreement. For the reasons indicated, the judgment will be affirmed.

Affirmed.