# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-01159-SCT

*EDW INVESTMENTS, LLC*

*v.*

*MICHELLE BARNETT, SPECTRUM WIRELESS, LLC, MWB HOLDINGS, LLC AND L4, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JEFFREY D. RAWLINGS |
| | JON J. MIMS |
| ATTORNEYS FOR APPELLEES: | DORSEY R. CARSON, JR. |
| | JULIE C. SKIPPER |
| | CHRISTOPHER D. MEYER |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 10/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. EDW Investments, LLC ("EDW") filed suit against Michelle Barnett and three corporate defendants, claiming that its judgment debtor had fraudulently transferred assets to them. The trial judge granted Defendants' motion to dismiss, and EDW appeals. Finding no error, we affirm the judgment of the Madison County Circuit Court.

**FACTS AND PROCEDURAL HISTORY**

¶2.    EDW Investments, LLC, obtained a judgment against Techtronics, Inc. (Techtronics) in 2007.[1]   On May 16, 2011, EDW sued Michelle Barnett ("Michelle"), the wife of Techtronics' president, Kevin Barnett ("Kevin");[2] Spectrumwireless, LLC; MWB Holdings, LLC; and L4, LLC, claiming that: (1) these limited liability companies "are alter ego entities created solely to conceal the assets and income of Techtronics, Inc.[3] from EDW" and that "Michelle Barnett knowingly participated in these efforts";[4] (2) "[t]he assets and income of Techtronics, Inc. were fraudulently conveyed to Michelle Barnett and the shell entities to avoid paying EDW"; and (3) "[t]he actions of the [Defendants] were grossly negligent, willful and/or intentional and constitute violation of common law duties under Mississippi law."

¶3.    Defendants filed a motion to dismiss, arguing, among other things, that the statute of limitations had run on all of EDW's claims under the Uniform Fraudulent Transfer Act, and that EDW did not sufficiently plead its common-law-fraud claim as required by Rule 9(b)

---

[1]EDW previously had sued both Techtronics and its President, Kevin Barnett, in Madison County Circuit Court.  But Kevin filed for Chapter 7 bankruptcy protection while the suit was pending, before EDW was able to obtain a judgment against him personally. EDW filed an adversary proceeding in Kevin's bankruptcy, and the parties ultimately entered an agreed judgment in the amount of $70,000.

[2]Kevin and Michelle Barnett will be referred to by their first names to avoid confusion.

[3]According to the Mississippi Secretary of State website, Techtronics was administratively dissolved on December 7, 2012.

[4]Michelle is the purported owner of Spectrumwireless, MWB, and L4.

of the Mississippi Rules of Civil Procedure. The trial court granted Defendants' motion to

dismiss, and EDW timely appeals, raising three issues:

I.    The circuit court erroneously found that this action is barred by
      applicable limitation periods;
II.   EDW has pled facts sufficient to entitle EDW to recovery under
      alternative theories of recovery; and
III.  EDW has pled its claims based on fraud with sufficient particularity.

We affirm the judgment of the Madison County Circuit Court.

## STANDARD OF REVIEW

¶4.    This Court employs a *de novo* standard of review when considering a trial court's

grant of a motion to dismiss.[5] "In deciding whether to grant a motion to dismiss, all of the

allegations in the plaintiff's complaint must be taken as true, and the motion should be

granted only where it appears beyond doubt that the plaintiff will be unable to prove any set

of facts in support of his claim."[6]

## LAW AND ANALYSIS

**I.    The statute of limitations has run on EDW's statutory fraudulent-transfer claims.**

¶5.    Although EDW did not specifically plead the Uniform Fraudulent Transfer Act in its

complaint, its primary contention is that "[t]he assets and income of Techtronics, Inc. were

---

[5] ***Burch v. Illinois Cent. R.R. Co.***, 136 So. 3d 1063, 1064-65 (Miss. 2104).

[6] ***Lott v. Saulters***, 133 So. 3d 794, 798 (Miss. 2014) (quoting ***Scaggs v. GPCH-GP, Inc.***, 931 So. 2d 1274, 1275 (Miss. 2006)).

*fraudulently conveyed* to Michelle Barnett and the shell entities to avoid paying EDW."[7] The Act provides that any "transfer made . . . by a debtor is fraudulent as to a creditor . . .if the debtor made the transfer . . . with actual intent to hinder, delay or defraud any creditor."[8] Further, the Act provides that "[a] cause of action with respect to a fraudulent transfer . . . under this article is extinguished unless action is brought: (a) [u]nder Section 15-3-107(1), within three (3) years after the transfer was made . . . or, if later, within one (1) year after the transfer . . . was or could reasonably have been discovered by the claimant"

¶6.   Both the three-year and the one-year time periods elapsed before EDW filed its complaint.  In its complaint, EDW suggests that the alleged fraudulent transfers occurred simultaneously with the formation of the three corporate Defendants, more than three years before it filed its complaint, and that it knew of the alleged fraudulent transfers on May 28, 2008, more than one year before it filed its complaint.[9]   Therefore, EDW's statutory fraudulent-transfer claims are time-barred.

---

[7]We note that Defendants argue that EDW's sole remedy arises under the Act, but we are not persuaded.  The language of the Act itself states that: "*Unless displaced by the provisions of this article*, the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency or other validating or invalidating cause, supplement its provisions."   Miss. Code Ann. § 15-3-117 (Rev. 2012) (emphasis added).

[8]Miss. Code Ann. §15-3-107(1) (Rev. 2012).

[9] EDW argues that it "first discovered the fraud and transfer when Kevin Barnett testified on May 28, 2008 . . . ."  EDW did not file its complaint until May 16, 2011.

¶7.    EDW relies on Section 15-3-117 of the Act to argue that its fraudulent-transfer claims are subject to Mississippi's general three-year statute of limitation and its accompanying discovery rule.  But Section 15-3-117 states:

> *Unless displaced by the provisions of this article*, the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency or other validating or invalidating cause, supplement its provisions.[10]

As discussed above, the Act has its own statute-of-limitation provision, Section 15-3-115. So the Act clearly displaces Mississippi's general statute of limitation with regard to fraudulent-transfer claims.

## II.    EDW cannot prevail on its alternate theories of recovery.

¶8.    EDW also avers that Defendants are a "continuation" of Techtronics.  EDW presents its continuation argument as two "alternative theories of recovery": alter ego and continuity-of-enterprise.  But EDW failed to plead a continuity-of-enterprise claim in its complaint,[11] and "alter ego" is not a substantive claim but merely a procedural argument that, if successful, allows a plaintiff to pierce the corporate veil and recover from a corporation's shareholders.[12]  Alter-ego liability can be extended only to a corporation's shareholders, and

---

[10] Miss. Code Ann. § 15-3-117 (emphasis added).

[11] In its complaint, EDW alleges numerous facts that support a continuity-of enterprise claim but inexplicably failed to plead it, pleading instead:  (1) alter ego; (2) fraudulent conveyance, and (3) gross, willful and/or intentional negligence and violation of common law duties.

[12] *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989).

it is undisputed that none of the Defendants was a shareholder of Techtronics.[13]  In sum, EDW simply cannot pursue a judgment against these Defendants via an alter-ego theory. This claim is without merit.

### III.    EDW did not plead its common-law-fraud claim with sufficient particularity.

¶9.    Finally, EDW argues that it pleaded a common-law-fraud claim.  Rule 9(b) of the Mississippi Rules of Civil Procedure requires that: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[14]  "Fraud will not be inferred or presumed and may not be charged in general terms.  The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated."[15]

¶10.    EDW fails to provide any specific information regarding the alleged fraudulent transfers and instead asks this Court to remand the case "so that [it] can continue its efforts to collect on its Judgment by conducting discovery to determine the dates and full nature and extent of the transfers."  In fact, EDW admitted before the trial court that it "does not know what was transferred, when it was transferred or how it was transferred.  Only that something *may have been* transferred."  As such, EDW's fraud claims do not comply with Rule 9's pleading requirements.[16]

---

[13] *Id.*

[14] Miss. R. Civ. P. 9(b).

[15] *Brabham v. Brabham*, 483 So. 2d 341, 342 (Miss. 1986).

[16] See *Brabham*, 483 So. 2d at 342.

**CONCLUSION**

¶11.     Although EDW may continue its efforts to collect its judgment against Techtronics via any other available avenue, we find that this effort to obtain judgments against these Defendants cannot be maintained for the reasons stated above. We affirm the judgment of the Madison County Circuit Court.

¶12.     **AFFIRMED.**

   **WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**