# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00930-COA

**A1 FIRE SPRINKLER CONTRACTORS, LLC**           **APPELLANTS**
**D/B/A A1 FIRE SPRINKLER, LLC, WAYNE**
**MARISCO AND SANDY MARISCO**

**v.**

**B.W. SULLIVAN BUILDING CONTRACTOR,**           **APPELLEE**
**INC.**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/2015 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | HIRAM RICHARD DAVIS |
| ATTORNEYS FOR APPELLEE: | CAREY R. VARNADO |
| | BRIAN RANDOLPH BLEDSOE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | AWARDED DAMAGES FOR BREACH OF CONTRACT |
| DISPOSITION: | AFFIRMED AS MODIFIED: 01/31/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON, FAIR AND GREENLEE, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     B.W. Sullivan Building Contractor sued A1 Fire Sprinkler Contractors and its

principal, Wayne Marisco, for breach of contract following a dispute over the construction

of some aspects of a fire suppression system A1 had claimed were excluded from its bid.[1]

After a bench trial, the trial court found that the plain language of the contract included the

---

[1] During the events at issue, Marisco dissolved A1 Fire Sprinkler Contractors LLC and formed A1 Fire Sprinkler LLC.  The successor LLC also included Marisco's wife, Sandy, as a principal.

disputed features and that A1 Fire Sprinkler Contractors' successor LLC, A1 Fire Sprinkler, was required to reimburse B.W. Sullivan for what it had paid to have them built. We agree with the trial court that the contract was unambiguous, but we find that the trial court erred in entering the judgment against the successor LLC, which was not a party to this action. We affirm the judgment as modified.

## DISCUSSION

### 1. Interpretation of the Contract

¶2. A1 Fire Sprinkler Contractors disputes that it was contractually required to supply and install two items, a concrete water storage tank and a clean agent fire suppression system for one room in the building. A1 denies that it was required to supply or install the clean agent system entirely, and it alleges that the water storage tank it agreed to supply was understood to be steel, rather than concrete, with the steel tank apparently being less expensive.

¶3. The contract consists of a brief written document entitled "Contract," which identifies the project and the parties and states in relevant part:

**DESCRIPTION**
Furnish and install all fire sprinkler systems and fire pump/house as per plans specifications and addendums as prepared by JBHM Architects.

|  | Item Total: | $0.00 |
|---|---|---|
|  | Total: | $220,000.00 |
|  | Total: | $220,000.00 |

The contract is subscribed by an agent of B.W. Sullivan and by Marisco as an agent of A1 Fire Sprinkler Contractors. Attached to the contract is A1 Fire Sprinkler Contractors'

2

bid/proposal, which is also for $220,000, though it is not signed or directly referenced in the contract. There was very little evidence about the relationship between the bid and the contract at trial, other than Marisco's testimony that he had asked to have it "attached" to the contract. B.W. Sullivan, for its part, attached the bid proposal to its complaint with the contract itself and to the contract when it was entered as an exhibit. B.W. Sullivan has generally distinguished between the bid and the contract in its arguments, but at times, when it is advantageous to do so, it cites to the bid without explaining its significance. It is fair to say that both parties have failed to adequately brief the issue of exactly what constitutes the contract, nor was it clearly argued at trial or explicitly decided by the trial court when it explained its decision.

¶4. We find it unnecessary, however, to resolve this question on appeal, because even if we assume the bid is part of the contract, A1 fails to show it is entitled to relief. Its argument on the contract interpretation issue is cursory; it contends only that the terms in the bid should control over the contract because the bid is more specific. While it is true that this is a discretionary canon of contract construction, it is one of several such canons and generally should only be resorted to after a finding that the contract is ambiguous. *See Hermann v. Hermann*, 193 So. 3d 670, 673-74 (¶¶8-10) (Miss. Ct. App. 2016). Moreover, we reject the premise that the bid is more specific than the contract. A1 attempts to frame the contract as consisting of a single sentence while ignoring the approximately forty pages of architects' specifications that it incorporates by reference. The description of the water storage tank in

3

the architects' plans is five pages long and leaves no doubt as to its construction, while the provision of the bid relied on by A1, an exclusion for "[a]ny and all [concrete] work,"[2] is general by comparison. Likewise, the bid's subject heading, which includes "Fire Protection (Wet Pipe Systems)," is general compared to the numerous references in the architects' plans to a clean agent system, including twelve pages detailing its construction.[3]

¶5.    The trial court's judgment is always presumed to be correct, and the burden falls upon the appellant to show reversible error. *Jordan v. State*, 995 So. 2d 94, 103 (¶14) (Miss. 2008). A1 has failed to meet its burden on this issue.

## 2.    Volunteer Payment Doctrine

¶6.    A1 also contends that the trial court erred in not finding that B.W. Sullivan was barred from recovery because of payments it made to A1 and A1's sub-subcontractors. A1 cites the voluntary payment doctrine or "volunteer rule," which precludes the recovery of a voluntary payment, one "made without compulsion, fraud, mistake of fact, or agreement to repay a demand which the payor does not owe, and which is not enforceable against him, instead of invoking the remedy or defense which the law affords against such demand." *Glantz Contracting Co. v. Gen. Elec. Co.*, 379 So. 2d 912, 917 (Miss. 1980) (citation omitted).

---

[2] The bid actually states that it excludes "concert" work, but the parties agree this was a scrivener's error.

[3] A1's argument is that the "wet pipe" parenthetical excludes a clean agent system, as it is not water-based. However, we note that this is not the entire subject heading; the subject of the bid is actually a list that also includes the name of the project as well as two architectural drawings, one of which apparently showed the clean agent system.

¶7. From our review of the record, it is apparent that this issue is procedurally barred because the voluntary payment doctrine is an affirmative defense that A1 failed to plead in the trial court. *See, e.g., Philip Morris Cos. v. Miner*, 462 S.W.3d 313, 321 (Ark. 2015)*; Nevada Ass'n Servs. Inc. v. Eighth Judicial Dist. Ct.*, 338 P.3d 1250, 1253 (Nev. 2014); *D.R. Horton Inc. v. Bd. of Sup'rs for County of Warren*, 737 S.E.2d 886, 887 (Va. 2013). While A1 points to the judge's questions directed to B.W. Sullivan's attorney, suggesting that the court may have considered the question, A1 makes no effort to show that the issue was tried by consent. *Lee*, 154 So. 3d at 907 (¶18) (holding that the burden is on the party claiming trial by implied consent to show that it actually occurred). This issue is procedurally barred.

### 3. Judgment Against A1 Fire Sprinkler LLC

¶8. Finally, A1 contests the trial court's decision to enter the judgment against A1 Fire Sprinkler LLC, the successor to A1 Fire Sprinkler Contractors LLC. The record indicates that, following most of the events at issue, Marisco dissolved A1 Fire Sprinkler Contractors LLC, and, the same day, formed A1 Fire Sprinkler LLC. Marisco's wife, Sandy, was included as a principal in the successor LLC. The trial court entered the judgment against the successor corporation, A1 Fire Sprinkler LLC.

¶9. On appeal, A1 Fire Sprinkler Contractors LLC, complains that its successor was not a party to this lawsuit and that a judgment could not be entered against it. B.W. Sullivan offers no real response, except to insist that a judgment can be obtained against the successor LLC under a theory of continuity of enterprise. But the successor LLC was not made a party

to this litigation – it was not named in the complaint, was never served with process, and did not make an appearance. B.W. Sullivan argues only that the circuit court could enter a judgment against a nonparty based on *Morris v. Macione*, 546 So. 2d 969, 971-72 (Miss. 1989), where the Mississippi Supreme Court observed that the lower court had the authority to enter an order against a successor corporation that apparently had not been named as a party in the case. But the issue here had not been specifically raised there, and, at any rate, the court in *Morris* had pierced the corporate veil based on a finding of a fraudulent conveyance of assets to the successor corporation. *Id.* at 972. No such finding was made in the present case, and B.W. Sullivan did not cross-appeal the trial court's refusal to pierce the veil of the LLC and enter a judgment against Marisco personally. Moreover, the Mississippi Supreme Court has recently held that continuity of enterprise must be pled in the complaint, which was not done here. *See EDW Invs. LLC v. Barnett*, 149 So. 3d 489, 492-93 (¶8) (Miss. 2014).

¶10.     Thus, we modify the circuit court's judgment to name A1 Fire Sprinkler Contractors LLC as the party subject to the judgment. We express no opinion on the question of whether the successor corporation may be found to be bound by the judgment in a subsequent action to which it is a party.

¶11.     **THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED AS MODIFIED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**